**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                )
CAUSE OF ACTION INSTITUTE                        )
1875 Eye Street, N.W., Suite 800                 )
Washington, D.C. 20006,                          )
                                                )
          Plaintiff,                             )
                                                )
     v.                                          )   Civil Action No. 16-2178
                                                )
NATIONAL OCEANIC & ATMOSPHERIC                   )
ADMIN.                                           )
United States Department of Commerce             )
1401 Constitution Avenue, N.W., Room 5128        )
Washington, D.C. 20230,                          )
                                                )
          Defendants.                            )
_____)

## COMPLAINT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552,

seeking access to records requested by Plaintiff Cause of Action Institute ("CoA Institute") and

improperly withheld by Defendant National Oceanic and Atmospheric Administration

("NOAA"). The records at issue concern potential abuses in determining the membership of the

New England Fishery Management Council ("NEFMC"), a regulatory body created by the

Magnuson-Stevens Fishery Conservation and Management Act, 16 U.S.C. § 1801 *et seq*.

## NATURE OF THE ACTION

1.      The Magnuson-Stevens Fishery Conservation and Management Act ("MSA")

establishes the basis for the federal management of domestic fisheries in the United States. 16

U.S.C. §§ 1801(a)(6), (b)(1), (b)(3). The MSA provides for eight Fishery Management Councils

("FMCs"), each charged with regulating a region of the national coastal waters. The NEFMC is

the FMC relevant to this lawsuit, and it includes the coastal waters of Maine, New Hampshire, Massachusetts, Rhode Island, and Connecticut.  16 U.S.C. § 1852(a)(1)(A).

2.      The NEFMC is composed of eighteen (18) voting members, *id.*, including twelve (12) appointees chosen by the Secretary of Commerce from lists of nominees provided by the governors of states within the boundaries of the FMC.  *Id.* §§ 1852(b)(1)(C), (b)(2)(A)–(C).  The NEFMC includes the "principal State official with marine fishery management responsibility and expertise" from each state, *id.* § 1852(b)(1)(A), as well as the Administrator of the National Marine Fisheries Service ("NMFS") Mid-Atlantic Regional Office, or his designee.  *Id.* § 1852(b)(1)(B).

3.      Some commentators have suggested that the membership of the NEFMC—and, indeed, the membership of all the regional FMCs—is not representative of the fishing industry. Representation of the fishing industry is "generally skewed towards the larger corporate interests that support larger sized vessels, whereas the small-scale vessel fleets that are the traditional core of coastal communities (and more likely to have conservation interests) are often less represented[.]"  Thomas A. Okey, *Membership in the Eight Regional Fishery Management Councils in the United States: Are Special Interests Over-Represented?*, 27 Marine Pol'y 193, 199 (2003).

4.      Although the FMCs are supervised by NMFS, and ultimately by the Secretary of Commerce, their members exercise significant independent power.  They propose Fishery Management Plans ("FMPs"), amendments, and framework adjustments; they conduct hearings; and they determine annual catch limits.  *See* 16 U.S.C. § 1852(h).  The FMCs even have the ability to constrain the Secretary of Commerce.  *See* 16 U.S.C. § 1854(a) (Secretary may only

approve, disapprove, or partially approve FMPs given to him; he may not modify them on his own authority); *id.* § 1854(h) (Secretary may not repeal or revoke FMPs without FMC approval).

5.      The FOIA request at issue here is aimed at providing transparency into how the Secretary of Commerce determines the membership of the FMCs, including the NEFMC. NOAA has not disclosed records about this process to the public before, and there is danger for politicization in how members are actually chosen.

6.      The records at issue in this case, which include records of communication between high-ranking agency officials, will permit the public to understand how the most recent round of membership selection for the NEFMC was handled, and whether that process was at all tinged by political considerations or other untoward government action.

## JURISDICTION AND VENUE

7.      Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(E)(iii).

8.      Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

9.      CoA Institute is a non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair.  In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability.  CoA Institute regularly requests access under the FOIA to the public records of federal agencies, entities, and offices, including NOAA, and disseminates its findings, analysis, and commentary to the general public.

10.     NOAA is an agency within the meaning of 5 U.S.C. § 552(f)(1).  NOAA has

possession, custody, and control of the records to which CoA Institute seeks access and that are

the subject of this Complaint.

## FACTS

11.     By letter, dated July 13, 2016, CoA Institute submitted a FOIA request to NOAA

seeking access to "[a]ll documents related to the appointment or reappointment of members of

the New England Fishery Management Council[.]"  Ex. 1 at 1.  CoA Institute further specified

that its request included "all communications, both inside the government and with outside

parties, including .gov e-mail, personal e-mail, text messaging, and any other methods of

communication."  Ex. 1 at 1.  The time period for the request was "November 1, 2015 to the

present."  Ex. 1 at 1.

12.     CoA Institute provided a non-exhaustive list of potential record custodians whose

correspondence on personal or official e-mail accounts could be responsive to the July 13, 2016

FOIA request.  *See* Ex. 1 at 2.

13.     CoA Institute also requested a public interest fee waiver and classification as a

representative of the news media for fee purposes.  Ex. 1 at 2–4.

14.     By letter, dated July 29, 2016, NOAA informed CoA Institute that it received the

FOIA request on July 19, 2016.  Ex. 2 at 1.  NOAA indicated that it would invoke the ten-day

automatic statutory extension of its response deadline due to "unusual circumstances," namely,

the "need to search for and collect the requested records from field facilities or other

establishments separate from the office processing the request[.]"  Ex. 2 at 1.

15.     This same letter assigned the CoA Institute FOIA request the tracking number

"DOC-NOAA-2016-001453."  Ex. 2 at 1.

4

16.     On August 1, 2016, NOAA granted the CoA Institute request for a public interest fee waiver.  Ex. 3.  The agency did not issue a determination on the CoA Institute request for categorization as a representative of the news media for fee purposes.

17.     By letter, dated August 30, 2016, NOAA released its first interim response and production of responsive records.  Ex. 4.  The agency indicated that it "located 19 documents," to which CoA Institute was "granted full access."  Ex. 4.  The interim production also provided CoA Institute with appeal rights.  Ex. 4.

18.     On September 26, 2016, CoA Institute filed an administrative appeal from the August 30, 2016 interim production because NOAA improperly withheld material from three (3) responsive records.  Ex. 5.  The material in question was redacted as "non-responsive."  Ex. 5.

19.     The Department of Commerce ("DOC") acknowledged receipt of the CoA Institute administrative appeal on September 29, 2016.  Ex. 6.  The agency has failed to provide a final response or to provide an estimate date of completion for processing the appeal.

20.     To date, NOAA has failed to provide any additional interim responses or productions of responsive records, let alone a final determination.  According to FOIAonline, the current estimated date of completion for the CoA Institute request is "August 30, 2016."  Ex. 7.

## COUNT 1

### Violation of the FOIA: Failure to Comply with Statutory Deadlines

21.     CoA Institute repeats paragraphs 1 through 20.

22.     The FOIA requires an agency to respond to a record request within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days.  5 U.S.C. §§ 552(a)(6)(A)–(B).  If an agency requires additional time, it must provide the requester "an

opportunity to arrange . . . an alternative time frame for processing the request[.]" *Id.*

§ 552(a)(6)(B)(ii).

23.     More than thirty (30) business days have passed since NOAA received CoA

Institute's FOIA request on July 19, 2016.

24.     NOAA has failed to issue a final determination on and promptly produce all

records responsive to CoA Institute's FOIA request within the applicable statutory time limits.

25.     When attempting to cite "unusual circumstances," NOAA failed to comply with

the FOIA in that it never "arrange[d] . . . an alternative time frame" for responding to CoA

Institute's request, failed to issue an estimated date of completion, and did not invite CoA

Institute to contact NOAA for the purposes of negotiating an "alternative" response date.

26.     CoA Institute has fully exhausted its administrative remedies under 5 U.S.C.

§ 552(a)(6)(C).

## RELIEF REQUESTED

WHEREFORE, CoA Institute respectfully requests and prays that this Court:

a.     Order NOAA to process the July 13, 2016 FOIA request and to make a final

determination within twenty (20) business days of the date of the Order;

b.     Order NOAA to produce all responsive records promptly after issuing its final

determination;

c.     Order NOAA to issue a *Vaughn* index accompanying the records produced and

explaining each redaction or withholding, if applicable;[1]

---

[1] *See generally Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) (requiring an agency to prepare an index correlating each withheld document, or portion thereof, with a specific FOIA exemption and nondisclosure justification).

     d.      Award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

     e.      Grant such other relief as the Court may deem just and proper.


Dated:  November 1, 2016             Respectfully submitted,

                             */s/ Ryan P. Mulvey*
                             Ryan P. Mulvey
                             D.C. Bar No. 1024362
                             Eric R. Bolinder
                             D.C. Bar No. 1028335

                             CAUSE OF ACTION INSTITUTE
                             1875 Eye Street, N.W., Suite 800
                             Washington, D.C. 20006
                             Telephone: (202) 499-4232
                             Facsimile: (202) 330-5842
                             ryan.mulvey@causeofaction.org
                             eric.bolinder@causeofaction.org

                             *Counsel for Plaintiff*